## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| COOPERATIVA DE AHORRO Y | * | |
| CREDITO DE AGUADA | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | Civil No. 06-1112(SEC) |
| | * | |
| PABLO JR. VILLANUEVA | * | |
| GONZALEZ and his wife MELISSA | * | |
| ROSA HERNANDEZ, et al. | * | |
| | * | |
|     Defendants | * | |

**********************************

## OPINION AND ORDER

Pending before the Court is Plaintiff's motion to set aside judgment (Docket #  25). After reviewing Plaintiff's motion (Docket # 25) and the applicable law, Plaintiff's motion will be **DENIED.**

### Standard of Review

FED. R. CIV. P. 60(b) allows a Court, upon motion by a party, to relieve said party from a judgment entered against it for any of the several reasons set therein. "A party who seeks recourse under Rule 60(b) "must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Karak v. Bursaw Oil Corp., 288 F. 3d 15, 19 (1st Cir. 2002)(hereinafter Karak)(citing, Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 20-21 (1st Cir. 1992). As such, "relief under Rule 60 (b) is extraordinary in nature and [...] motions invoking that rule should be granted sparingly." Karak,  288 F. 3d at 18.

### Background and Applicable Law and Analysis

The above captioned Complaint was filed on 1/27/2006. Because Defendants failed to appear, Plaintiff moved for, and was granted, judgment by default. See, Dockets ## 20-24. The judgment was entered on 9/5/2006. Docket # 24. On 1/25/2007, more than five months

Civil No. 06-1112                                                                                        2

after judgment had been entered, Plaintiff moved for the Court to set aside the judgment pursuant to Fed. R. Civ. P. 60(b). Plaintiff's two-page motion merely argued that "[w]hen reviewing the judgment by default rendered by [the Court] the undersigned became aware that the conjugal partnership comprised by both defendants was inadvertently not included as a defendant." Docket # 25, p. 1. As such, it requested to be "allowed to amend its complaint in order to add the aforementioned conjugal partnership as one of the defendants in the case of caption." Id, at p. 2.

Plaintiff's Rule 60(b) motion is premised on its inadvertent failure to include the Defendants' Conjugal Partnership as a Defendant. However, Plaintiff did not even attempt to explain or justify its carelessness in failing to include the Conjugal Partnership.[1] Moreover, Plaintiff's motion state that it was upon review of the judgment that it noticed the omission. However, Plaintiff did not file the instant motion until five months after the entry of judgment, and one year after the filing of the complaint.

"Neither ignorance nor carelessness on the part of the litigant or his attorney will provide grounds for rule 60(b)." Bershad v. McDonough, 469 F. 2d 1333 (7th Cir. 1972); see also, Scola v. Boat Frances, R., Inc., 618 F. 2d 147 (1st Cir. 1980). The First Circuit has stated that "[b]ecause Rule 60(b) is a vehicle for 'extraordinary relief', motions invoking the rule should be granted 'only under exceptional circumstances.'" Dávila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F. 3d 58, 64 (1st Cir. 2001). Plaintiff's own motion, and its timing, shows that the failure to include the Conjugal Partnership as a defendant was not excusable, but negligent. Rule 60(b) is not a vehicle to cure a party's carelessness. As such, Plaintiff's motion will be **DENIED.**

**SO ORDERED.**

---

[1] Plaintiff's complaint included two Defendant: Pablo Villanueva and his **wife** Melissa Rosa; the inclusion of Mrs. Rosa, Villanueva's wife, showed that Plaintiff was on notice that a conjugal partnership could exist between the two defendants. It is a common practice for plaintiffs to include a conjugal partnership as a defendant in a preventive manner, and, upon conducting discovery, dismiss the case voluntarily if such partnership does not exist.

**Civil No. 06-1112**                                                                                  3

In San Juan, Puerto Rico, this 24th day of September, 2007.

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge